IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **WILTON IRVON LOMBARD, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 4:22-cv-00785-O-BP |
| | § | |
| **VIC SCHOBER,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On September 2, 2022, *pro se* Plaintiff filed a complaint against Vic Schober, James Jackson, Richard Dubose, Richard Plunk, Roger Hoffpauier, Kenneth Vermette, Debbie Vermette, Assemblies of God Financial Group, Gerald Hindy, Ahmet Sbiati, Alshall Financial Group, Michael Tracy, Dayna Oliver ("original defendants") in this case. ECF No. 1. Because he had paid the filing fee, he was responsible for serving the original defendants with a summons and copy of the complaint in this case within ninety days as provided by Rule 4(c) of the Federal Rules of Civil Procedure. ECF No. 12. Plaintiff did not serve the original defendants by the deadline.

On December 4, 2022, Plaintiff filed the amended complaint and added Randel David Lee Barrett, Rev. Thomas Trask, Rev. Charles Crabtree, Rev. Doug Clay, Robert Forshey, and Jeff Prostok ("new defendants") to this case. ECF No. 14. Because he paid the filing fee, Plaintiff also was responsible for serving the new defendants with a summons and a copy of the amended complaint case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. ECF No. 15. The Court ordered Plaintiff to serve the new defendants on or before March 9, 2023, ninety days after the filing of the amended complaint. *Id; See* Fed. R. Civ. P. 4(m). Additionally, Federal Rule of Civil Procedure. 4(l) requires Plaintiff to file proof of service with the Court unless

service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. Fed. R. Civ. P. 4(m).

On December 9, 2022, the undersigned *sua sponte* extended the deadline by thirty days for Plaintiff to serve the original defendants on or before January 9, 2023, and pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, ordered Plaintiff to serve the new defendants on or before March 9, 2023. ECF No. 15. The Order also notified Plaintiff that if he "does not serve the original defendants with process by the deadline," or "does not file a valid return of service or otherwise show that the original defendants and the new defendants were properly served," the undersigned would recommend to United States District Judge Reed O'Connor "that any defendant who was not properly served be dismissed from this case without prejudice pursuant to Rule 4(c)." *Id.*

On February 21, 2023, the undersigned granted Plaintiff's Motion to Extend More Time for Service and ordered him to serve all original defendants and new defendants and file a valid return of service or otherwise show that all defendants were properly served on or before April 1, 2023. ECF No. 24. Again, the Court reminded Plaintiff that if he did not serve all of the original defendants and all of the new defendants with process and provide proof to the Court that he had properly served all of the defendants by April 1, 2023, the undersigned "would recommend to Judge O'Connor that any defendant not properly served be dismissed from this case without prejudice pursuant to Rule 4(c)." To date, Plaintiff has neither provided proof of prior proper service nor effectuated proper service on any of the Defendants in this case.

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

2

dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for h[er] failure to effect service in compliance with the rules." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Plaintiff has neither served process on any of the Defendants in a timely fashion under Federal Rule of Civil Procedure 4 nor has he filed a proof of service with the Court. Additionally, he did not show cause why the Court should not dismiss his case against all defendants for failing to serve process as ordered. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS without prejudice** Plaintiff's claims against all of the defendants in this case under Fed. R. Civ. P. 4(m) for failure to timely serve process.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on April 21, 2023.

*[signature: Hal R. Ray, Jr.]*

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE